# Pantall *v.* McIntyre.

*Appeals — Premature appeal — Equity — Dissolution of partnership — Receiver.*

The Supreme Court will dismiss as premature an appeal from a decree in equity dismissing exceptions to a master's report, where the record shows that although the bill prayed for a dissolution of partnership, the appointment of a receiver and an accounting as between the partners, the master only reported in favor of the dissolution and the appointment of a receiver without stating an account as between the members of the partnership. In such a case the Supreme Court will order the record to be remitted to the court below for the purpose of stating an account as between the members of the firm.

Argued Oct. 11, 1900. Appeal, No. 130, Oct. T., 1900, by defendants, from decree of C. P. Jefferson Co., May T., 1891, No. 2, on bill in equity in case of Theophilus Pantall v. D. H. McIntyre et al. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Appeal dismissed.

Bill in equity for a dissolution of partnership, for a receiver and for an accounting as between the partners.

The case was referred to S. A. Craig, Esq., who reported in favor of the dissolution of the partnership, and the appointment of a receiver, but did not state an account as between the partners themselves.

Exceptions to the master's report were dismissed in an opinion by Patton, P. J., specially presiding, the court filing the following decree :

[And now, July 10, 1900, the report of the master, Hon. S. A. Craig, is confirmed, and all the exceptions thereto are dismissed and it is ordered, adjudged and decreed that the partnership known as the reorganized, " The Mahoning Bank," be dissolved and its business liquidated and wound up.] ' And it is further ordered and decreed that a receiver be appointed to take charge of, dispose of and collect the assets of said bank, and to pay the debts thereof, and distribute the balance, if any, to the persons legally entitled thereto.

*Error assigned* was the portion of the decree of the court in brackets as above.

*H. C. Campbell*, with him *A. J. Truitt*, for appellants.

*George A. Jenks*, with him *Charles Corbet, George William Means* and *B. M. Clark*, for appellee.

*W. F. Stewart*, for J. L. Shields.

Opinion by Mr. Justice Potter, January 7, 1901 :

In this case a bill was filed praying for the dissolution of the partnership known as the reorganized " The Mahoning Bank," and that its business be liquidated and wound up. There was also a prayer that an account should be taken and stated as between the members of said firm, or partnership, and that a receiver be appointed " to take charge and dispose of and collect the assets of said bank, and pay the debts thereof, and distribute the balance, if any, to the persons legally entitled thereto."

The case was referred to a master who made a report, but does not seem to have stated an account as between the members of the said firm or partnership.

The exceptions to the findings of the master are therefore premature at this stage of the proceedings.

Without therefore expressing any opinion as to the statement of the principles set forth in the master's report and without

prejudice to the right of all parties concerned, this appeal is dismissed, and it is ordered that the record be remitted to the court below for the purpose of stating an account as between all the members of the said firm or partnership, and that a receiver may be appointed to take charge of the assets of said bank or partnership, and for such further proceedings as may be necessary.